[Crim. No. 4658.   Second Dist., Div. One.   Feb. 26, 1952.]

THE PEOPLE, Respondent, v. CONRADO A. MARQUEZ, Appellant.

Algerdas N. Cheleden for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment and from the order denying a motion for a new trial.

Defendant was charged with murder and assault with a deadly weapon with intent to commit murder.  A jury was waived.  Defendant was adjudged guilty as charged on both counts.  It is contended on appeal that the evidence does not support the judgment of such conviction and that each should be reduced in degree to murder of the second degree and assault with a deadly weapon, respectively.

The victim of the alleged murder was a 14-year old youth. The record does not reveal the age of the defendant.

■ As recited in respondent's brief, "During the day of December 22, 1950, appellant was at work at the Great Western Meat Company, where he was a butcher, being employed to bone beef. One Carmen Romero, who had known appellant for about two weeks, worked with him there. On this particular day they worked until 4 p. m., after which there was a company Christmas party at which whiskey was served. Having had a few drinks, they left at about 5:15 p. m. in Carmen's car. The appellant was walking and talking normally at this time but was apparently "feeling good." The appellant told Carmen that he wanted to go home. In the car, however, he told Carmen that he wanted to make a phone call. Carmen stopped the car, and appellant went to complete the call. On his return, appellant asked to be taken to a friend's house. They drove to Ruth Terronez's residence, Carmen parking the car on 12th Street near Central Avenue. They got out of the car, walked around the corner and up the back steps to the Terronez apartment. It was now about 6:40 p. m. and was getting dark. In the apartment they met some "boys." . . . Sebastian Avila, 14 years of age, Ruth's cousin, a person named Santos, 16 years of age, Josephine Marrujo, a high school girl, David Delgado, 17 years of age, Joe Holguin, Gregory Garcia, age 18, and Joe Garcia, 17 years of age."

Shortly afterward an argument took place which developed into a fight. The record reveals that defendant struck David Delgado in the face when, as recited in respondent's brief, "David's brother, Gregory, who was in another room, heard something fall, came in and saw David on the floor and attempted to assist him. He pulled appellant off David who appeared to be unconscious on the floor. A general altercation followed, but Santos and Sebastian remained out of the fight. The others piled upon appellant who was then on top of Gregory. Gregory had been knocked to the floor and appellant had jumped on him, threatening, 'I am going to kill you.' David, Carmen and Joe Holguin then pulled appellant off Gregory. Joe Garcia was also knocked down in the fight. Appellant resumed his attack upon David; so Gregory obtained a small rifle butt which he had noticed on the back porch and struck appellant who then had David on the floor beating and cursing him. After a few blows of the rifle butt, appellant let David go.

"Carmen took no part in the fight. . . . He went to the service porch where he saw the fighting going on. At this time appellant was on the floor. Carmen took hold of appellant and pulled him away. At this point they were on the landing at the top of the rear stairs, and appellant and Carmen made their exit down them. Carmen noticed blood on appellant's face and the back of his head. They went to Carmen's car at a gait described as 'trotting along.' In getting to the car, they went to the Birch Street side of the house, thence to the corner, and finally traveled the fifty yards from the corner to Carmen's car which was parked on 12th Street.

"Carmen entered the driver's side of the vehicle and appellant the passenger's side. Appellant said, 'They are after us.' Appellant reached into his tool box, which he had placed in the back seat of the vehicle after leaving work and withdrew his hand. The tools in the tool box were the various knives used in the butcher's trade, consisting of boning knives and steak knives. . . .

"After taking his hand out of the box, appellant left the car, and Carmen immediately drove away. Appellant did not have a knife in either hand before reaching the car. Carmen saw appellant retrace his steps and return around the corner walking." It was at this point that defendant stabbed the deceased and cut the victim of the assault with a deadly weapon.

It is argued by appellant that in the second offense, "The evidence fails to establish a specific intent to murder Esperanza Sierra." And, in the first offense it is argued that "The evidence is insufficient to establish deliberation and premeditation."

It would serve no purpose to quote from the many decisions on these questions; the law is well established. Obviously, opinions as to matters of degree may differ in any case and the within appeal is no excepton. However, an appellate tribunal, in such circumstances, is confronted with but one question, namely, does the record reveal substantial evidence to support the conclusion reached by the trier of fact. A careful review of the record shows this to be so, hence the judgment and order must be affirmed.

It is so ordered.

White, P. J., and Drapeau, J., concurred.